165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Selbie MCNAIR-BEY, Plaintiff-Appellant,
v.
B. BLEDSOE, Assistant Warden; M. Ciolli, Assistant Warden;
J.J. Clark, Warden, Defendants-Appellees.
 No. 97-1701.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 9, 1998.*
Decided Dec. 9, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. No. 96-66-C T/H. John D. Tinder, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. ILANA DIAMOND ROVNER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Selbie McNair-Bey, currently a federal prisoner at Lewisburg, Pennsylvania, was a prisoner in the United States Prison at Terre Haute (USPTH) at the time of this claim. He brought this suit for damages pro se in the district court alleging that prison officials at USPTH violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments of the Constitution and the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb--2004, by punishing him when he refused to remove or cover a religious pin worn on the outside of his clothing. The district court granted the defendants' motion for summary judgment and McNair-Bey appeals. We affirm.
 
 
 2
 The parties do not dispute the following facts. On August 17, 1995, while incarcerated at USPTH, McNair-Bey was seen wearing a Moorish Science Temple of America (MSTA) religious pin on his clothing. Defendant Bledsoe requested that McNair-Bey either remove the pin or attach it to the inside of his clothing in accordance with the prison's policy on Religious Beliefs and Practices.[1] The next day, defendants Bledsoe and Ciolli observed McNair-Bey again wearing his religious pin on the outside of his clothing and instructed him to remove it or put it inside his clothing in accordance with USPTH policy. McNair-Bey refused to do either, and Bledsoe responded by ordering a lieutenant to escort McNair-Bey to the lieutenant's office. Bledsoe and Ciolli then filed an incident report charging McNair-Bey with disobeying an order. As a result, McNair-Bey was placed in administrative segregation pending investigation of the incident report. At the subsequent disciplinary hearing, McNair-Bey was found guilty and sentenced to 15 days of restricted commissary privileges. McNair-Bey's administrative appeals were denied.
 
 
 3
 McNair-Bey then brought this suit claiming that the defendants violated his rights under the Religious Freedom Restoration Act (RFRA), and, under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), that they violated his First, Fifth, and Eighth Amendment rights, and the Equal Protection Clause of the Fourteenth Amendment by punishing him for not removing his MSTA pin. The district court granted the defendants' motion for summary judgment.
 
 
 4
 We review a district court's grant of summary judgment de novo. Tesch v. County of Green Lake, 157 F.3d 465, 471 (7th Cir.1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To preclude summary judgment, the responding party must come forward with facts "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex. 477 U.S. at 322. In determining whether any genuine issue of material fact exists, we must read all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Tesch, 157 F.3d at 471.
 
 
 5
 On page one of his appellate brief, McNair-Bey obliquely refers to a possible due process claim, but he does not elaborate or present any legal argument to bring the issue before this court. Accordingly, it is waived. See, e.g., Maltby v. Winston, 36 F.3d 548, 564 (7th Cir.1994) ("summary arguments unsupported by authority are waived"). Similarly, McNair-Bey has abandoned his Eighth Amendment and Equal Protection claims. See, e.g., Int'l Union of Operating Engineers, Local 150, AFL-CIO, v. Rabine, 1998 WL 762439, at * 6 (7th Cir.Nov.3, 1998). McNair-Bey's only surviving issue on appeal is whether the defendants violated his right to freely exercise his religion. McNair-Bey argues that, under the standard set by the RFRA,[2] the USPTH regulation violates the First Amendment. Under the RFRA, the "[g]overnment shall not substantially burden a person's exercise of religion" unless "it demonstrates that application of the burden to the person--(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means if furthering that ... interest." 42 U.S.C. § 2000bb-1(b).
 
 
 6
 The defendants, and accordingly the district court, did not assess whether the regulation imposed a "substantial burden" on McNair-Bey, but rather focused on whether the regulation was "the least restrictive means" of furthering a "compelling governmental interest." As the district court recognized, however, there is little evidence that being allowed to wear his MSTA pin only on the inside of his clothing imposed a substantial burden on McNair-Bey's practice of Islam. Under our holding in Mack v. O'Leary, 80 F.3d 1175, 1179 (7th Cir.1996), cert. granted and judgment vacated by O'Leary v. Mack, --- U.S. ----, 118 S.Ct. 36, 139 L.Ed.2d 5 (1997) (remanding in light of City of Boerne' § holding that the RFRA is unconstitutional as applied to the states),
 
 
 7
 a substantial burden on the free exercise of religion, within the meaning of the [RFRA], is one that forces adherents of a religion to refrain from religiously motivated conduct or expression that manifests a central tenet of a person's religious beliefs, or compels conduct or expression that is contrary to those beliefs.
 
 
 8
 In order to show a free exercise violation under the "substantial burden" test, McNair-Bey was required to prove that being able to wear his pin, displayed during religious celebrations and concealed all other times, prevents him from engaging in conduct or having a religious experience that his faith mandates. "This interference must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." Graham v. Commissioner, 822 F.2d 844, 850-51 (9th Cir.1987), aff'd sub nom. Hernandez v. Commissioner, 490 U.S. 680, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989). McNair-Bey produced no evidence that wearing the MSTA pin at all, let alone wearing it visibly, is a tenet of his faith. Only after the plaintiff has shown that the defendants have placed an undue burden on his religious practice does the burden shift to the defendants to show a compelling interest that it could not protect by less restrictive means. Mack, 80 F.3d at 1180. Because McNair-Bey has not made that initial showing, we need not continue into considering whether the USPTH regulation meets the RFRA standards.
 
 
 9
 For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Regulation THA-5360.4D prohibits the display of religious pins on outer clothing except during religious services of the inmate's faith group. The rationale for this regulation, set forth in THA-5360.4D, is that religious pins could be personally offensive to other inmates and could threaten the safety, security, and good order of the prison by possibly causing fights among the inmates
 
 
 [2]
 The Supreme Court's decision in City of Boerne v. Flores, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), holding the RFRA unconstitutional as applied to state and local governments, arguably casts some doubt on the continued viability of that legislation in the federal context. See, e.g., Alamo v. Clay, 137 F.3d 1366, 1368 (D.C.Cir.1998); Hartmann v. Stone, 1998 WL 415999, at * 4 n. 1 (6th Cir.1998); In re Young, 141 F.3d 854 (8th Cir.1998). We need not address this issue, however, because we conclude that the prohibition on wearing religious pins on the outside of clothing is not a substantial burden